LESLIE H. SOUTHWICK, Circuit Judge,
dissenting:
We are confronted with a statute that does not provide clear answers. I join others in suggesting it would be useful for Congress “to reconsider whether § 2259 is the best system for compensating the vie *781 tims of child pornography offenses.” United States v. Kennedy, 643 F.3d 1251, 1266 (9th Cir.2011); see also United States v. Burgess, 684 F.3d 445, 460 (4th Cir.2012). The goal is clear: providing meaningful restitution to victims of these crimes. How to order restitution in individual cases in light of that goal is a difficult question.
Our task today is to effectuate the scheme according to the congressional design as best as we can discern it. Both of the other opinions have ably undertaken this difficult task. I agree with Judge Davis that this circuit should not chart a solitary course that rejects a causation requirement. The reasons why I believe the statute requires causation are different than he expresses, though. I agree with the majority, relying on the last-antecedent rule, that the phrase “as a proximate result of the offense” that is in Section 2259(b)(3)(F) only modifies the category of loss described in (F). See, e.g., Jama v. Immigration and Customs Enforcement, 543 U.S. 335, 343, 125 S.Ct. 694, 160 L.Ed.2d 708 (2005).
Though I agree with the majority in that respect, I find persuasive the reasoning of the Second, Fourth, and D.C. Circuits that causation “is a deeply rooted principle in both tort and criminal law that Congress did not abrogate when it drafted § 2259.” United States v. Aumais, 656 F.3d 147, 153 (2d Cir.2011); Burgess, 684 F.3d at 457; United States v. Monzel, 641 F.3d 528, 535-36 (D.C.Cir.2011). In a similar vein, the Supreme Court stated that absent “some indication of congressional intent, express or implied,” courts will decline to read federal statutory crimes that fail to mention it, as eliminating the mens rea requirement that has been a hallmark of crimes since the common law. Staples v. United States, 511 U.S. 600, 605-06, 114 S.Ct. 1793, 128 L.Ed.2d 608 (1994).
True, the positioning of the phrase “proximate result” solely within subsection (F) could be a sign that Congress meant to eliminate causation for damages falling under subsections (A)-(E). Any.such implication is thoroughly defeated, though, by other provisions of the statute. First, as the D.C. Circuit has recognized, Section 2259 calls for restitution to go to a “victim” of these crimes, a term defined as “the individual harmed as a result of a commission of a crime under this chapter.” Monzel, 641 F.3d at 535 (emphasis added). Second, the statute directs that an order of restitution should be issued and enforced “in the same manner as an order under section 3663A.” § 2259(b)(2). Under Section 3663A “ ‘victim’ means a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered.” § 3663A(2). The “as a result” language from Section 2259 as well as the more explicit mention of proximate harm in Section 3663A convince me that “nothing in the text or structure of the restitution statute affirmatively indicates that Congress intended to negate the ordinary requirement of proximate causation for an award of compensatory damages.” Burgess, 684 F.3d at 457; Monzel, 641 F.3d at 536.
I understand the contours of this proximate-cause requirement in much the same manner as does Judge Davis, including his analysis of “collective causation.” See also United States v. Kearney, 672 F.3d 81, 96-98 (1st Cir.2012). I also agree that the option of “apportion[ing] liability among the defendants to reflect the level of contribution to the victim’s loss and economic circumstances of each defendant” belies the majority’s notion that each case calls for an award equal to the total loss incurred by a victim. § 3664(h). Yet by making restitution “mandatory” for all these crimes of exploitation, including pos *782 session and distribution of child pornography, Congress made its “goal of ensuring that victims receive full compensation” plain. Kearney, 672 F.3d at 99.
Awards must therefore reflect the need to make whole the victims of these offenses. As Amy’s suffering illustrates, the “distribution of photographs and films depicting sexual activity by juveniles is intrinsically related to the sexual abuse of children.” New York v. Ferber, 458 U.S. 747, 759, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982). They constitute an indelible “record of the children’s participation and the harm to the child is exacerbated by their circulation.” Id.
In light of the unique nature of prosecutions for child pornography and the clear congressional intent to maximize awards, any doubts about the proper amount of restitution should be resolved in favor of the child. This concern is largely a matter of a difference of emphasis from the views expressed by Judge Davis. I am concerned that his emphasis on the discretion of a district court, though clearly that discretion exists and can be exercised under the terms of Section 3664, tends towards accepting inappropriately low, even nominal awards. I would not accept that a forward-looking estimate of the number of future defendants and awards should be used to estimate a percentage of overall liability to be assigned a particular defendant. That puts too much weight on the interests of the defendants. Over-compensation is an unlikely eventuality. Were it to occur, then at that point district courts might be able to shift to evening up contributions among past and future defendants.
In summary, proximate cause must be shown and the principle of aggregate causation is the method for proving its existence. By statute, district courts can award all damages to each defendant but also have discretion to make lesser awards if properly explained. This means that I agree with requiring additional proceedings as to both defendants, but disagree that each district court is required to impose a restitution award of the full amount of damages.